Plaintiff's Name __Christopher Lema__
Prisoner No. __BB1380__
Institutional Address __P.O. Box 1050__
__Soledad, CA 93960__

Number of pages __8__
Received on __12/12/2023__
Scanned/emailed on __12/12/2023__
by __S. Tomlinson__ at __SVSP__
for the Northern District of California.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Christopher Anthony Lema
*(Enter your full name)*

v.

R. Perez

K. Wallace

*(Enter the full name(s) of all defendants in this action)*

Case No. __4:23-CV-06326-DMR__
*(Provided by the clerk upon filing)*

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement __Salinas Valley State Prison__

B. Is there a grievance procedure in this institution?   ☒ YES   ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
   ☒ YES   ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: __N/A__

   2. First formal level: __#323766  Dated: 11/11/2022__
      Decision: Allegation of staff misconduct exhausts administrative remedies.

3. Second formal level: N/A

4. Third formal level: N/A

E. Is the last level to which you appealed the highest level of appeal available to you?
   ☒ YES   ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.
   N/A

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).
   N/A

B. For each defendant, provide full name, official position and place of employment.
   R. Perez, Correctional Officer, MCSP

   K. Wallace, Correctional Officer, MCSP

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I hereby set forth that this court has jurisdiction, legal authority to hear this case.

I assert the Plaintiff is entitled to the relief that he is seeking in the complaint.

Officer R. Perez and K. Wallace are being sued in their "individual" capacity. The United States Constitution, Eighth Amendment protects the rights of people in prison

from the constant threat of violence by other people in prison. Prison staff violate the Eighth Amendment when they are deliberately indifferent to a substantial risk that a person will be seriously harmed by other people in prison. Also, that the prison officials were subjectively aware of the danger of serious harm and failed to take reasonable preventative action. Thus, a failure to protect rises to the level of constitutional violation, therfore, this court has jurisdiction over this case. Please see attachment.

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I am suing for the amount of $5,000.00 in punitive damages

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 12/12/2023          *[Signature of Plaintiff]*

1/2

COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983 (Attachment)

Plaintiff's Name: Christopher Lema          Prisoner No. BB1380

Alleging that the defendants violated the plaintiff's rights to be protected from the constant threat of violence by other people in prison, which is protected by the Eighth amendment of the United States Constitution. The defendants are the "cause" of the deprivation of the right to be protected from the constant threat of violence by other people in prison.

The plaintiff further alleges that the defendants acted with the applicable state of mind "deliberate indifference." This finding is based on the following facts.

On Thursday October 20, 2022, at approximately 1316 hours, inmate Lema (BB1380, A1-240) was escorted into 'A' building 5 by custody staff. Inmate Lema approached the podium and was notified as to which cell he was assigned to (A5-119). After moving from building '1' to building '5', after being advised of his newly assigned cell, A5-119, inmate Lema stated "I am single cell and I have been single cell for quite some time". Officer Warren advised him that he's going in that cell one way or another. Inmate Lema stated, "Let's go to Ad-Seg and thrash this out with ICC and then lock up in lower 'C' side shower". I was in the shower for 5 & a half hours. Until approximately 1949 hours on Thursday October 20, 2022, by the 'C' side shower, I informed officers R. Perez & K. Wallace; I refuse to accept my assigned cell (A5-119) because I have administrative determinants (SEC) that preclude me from being placed in the cell with another inmate. And that I was placed on (SEC) status by IDTT. Officers K. Wallace and R. Perez ordered me to turn around and cuff up. I complied and was in restraints. And was physically forced and "dragged" into cell A5-119 on camera. I informed Hogue (AD6997) (A5-119) that they are forcing me into your cell. I am single cell, and we are going to have to fight, just don't get on me in hand cuffs. Officer R. Perez ordered Hogue (AD6997) to step out of the cell first in order to take off the restraints first before Hogue could enter the cell after me. As inmate Hogue entered his assigned house, he struck me in the facial area. Both inmates striking each other with their fists. I then ran out the cell. R. Perez gave me a direct order to turn around and cuff up. I complied and cuffed up on the B side of dayroom. I was placed back into restraints. Medical staff conducted a (7219). I was escorted to program by custody staff.

I'm asking for compensation. Thereby, violated the plaintiff's rights under the United States Constitution, Amendment VIII. Officers R. Perez & K. Wallace failed to provide protection from Hogue (AD6997) assault. The officials were subjectively aware of the danger of serious harm and failed to take reasonable preventative action. I'm attaching supporting documents. The officers did not properly respond to safety concerns, (SEC) status, about threats of violence by Lema (BB1380).

2/2

For the reasons explained the plaintiff is entitled to relief. I want to avoid any argument that the plaintiff forfeited his grounds because of failure to exhaust administrative remedies on claim #:002. In my view sometimes people file "mixed complaints" that contain both exhausted and unexhausted claims. For example, a § 1983 complaint. A court will dismiss the unexhausted claims and allow the person with the exhausted claims. In this case, the issue here is whether the sub-claim #:002 are closely related or "intertwined," and I believe they are not related in order to make an exception to the rule. The reason being, I was charged and subsequently found guilty of RVR 115 Log # 7236271 Battery on an inmate. As such claim #:002 allegation against inmate is not "closely" related or "intertwined" to the initial claim found in claim #:001, so the forfeiture rule does not apply. I will state the physical injuries: abrasion/scratch, active bleeding, reddened area found on Lema's face. See CDCR 7219 Medical report of injury or unusual occurrence dated 10/20/2022 (Lema, BB1380). As for the type of damages being sought, I am seeking punitive damages. I declare that this is the type of relief the plaintiff wants to get.

# CIVIL COMPLAINT